# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

FEDERAL-MOGUL CORP., a Delaware Corporation,

and

FEDERAL-MOGUL VEHICLE COMPONENT SOLUTIONS, INC., a Delaware Corporation,

       Plaintiffs,

v.

VALEO, INC., a New York Corporation,

VALEO ELECTRICAL SYSTEMS, INC., a Delaware Corporation,

VALEO WISCHERSYSTEME GmbH, a German Corporation,

and

DELMEX DE JUAREZ S. DE R.L. DE C.V., *A sociedad anonima de capital variable*, a Corporation organized under the laws of Mexico,

       Defendants.
_____/

Case No.: _____

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiffs Federal-Mogul Corp. and Federal-Mogul Vehicle Components Solutions, Inc., ("Plaintiffs"), through their attorneys, Dickinson Wright PLLC, state as follows for their cause of action against Defendants Valeo, Inc., Valeo-Electrical Systems, Inc., Valeo Wischersysteme GmbH, and Delmex de Juarez S. de R.L. de C.V. ("Defendants") for declaratory judgment:

## NATURE OF ACTION

1. This is an action for declaratory judgment that U.S. Patents Nos. 7,937,798 (the "'798 Patent"), 8,220,106 (the "'106 Patent), and 7,891,044 (the "'044 Patent") (collectively "Patents-In-Suit") are invalid under 35 U.S.C. § 112 (b); that at least claims 1-18 of the '106 patent are invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103; or, in the alternative, that Plaintiffs do not infringe any valid claim of the Patents-In-Suit.

## THE PARTIES

2. Plaintiff Federal-Mogul Corp. is a corporation organized under the laws of Delaware that maintains its principal place of business at 26555 Northwestern Highway, Southfield, MI 48033.

3. Plaintiff Federal-Mogul Vehicle Components Solutions, Inc., is a corporation organized under the laws of Delaware that maintains its principal place of business at 26555 Northwestern Highway, Southfield, MI 48033.

4. Defendant Valeo, Inc., is, on information and belief, a New York Corporation with its principal place of business at 150 Stephenson Highway, Troy, Michigan, 48083.

5. Defendant Valeo Electrical Systems, Inc., is, on information and belief, a Delaware Corporation with its principal place of business at 150 Stephenson Highway, Troy, Michigan, 48083.

6. Defendant Valeo Wischersysteme GmbH is, on information and belief, a German Corporation with a principal place of business at Poststraessle 10, D-74321 Bietigheim-Bissingen, Germany.

7. Defendant Delmex de Juarez S. de. R.L. de C.V., *a sociedad anonima de capital variable* is, on information and belief, a Corporation organized under the laws of Mexico, with its principal place of business at Avenida de las Torres y calle Intermex # 1681, Parque Industiral Intermex, Cd. Juarez Chihuahua 32640.

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment that: (1) U.S. Patents No. 7,937,798, U.S. Patents No 8,220,106, and U.S. Patents No 7,891,044 are invalid and (2) that to the extent any of the claims of the Patents-In-Suit are valid, at least Plaintiffs' A-22-M, A-22-OE and SP-21 ANCO Profile Wiper Blades and products with similar wiper adapters; C-21OE ANCO Contour Premium Wiper Blades and products with similar wiper adapters, 60-020-PP NAPA Accufit Blades and products with similar wiper adapters; and 60-2243-1 NAPA Vista Blades and products with similar wiper adapters (the "Accused Products") do not infringe any valid claim.

9. This action is brought in particular pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for purposes of determining an actual controversy between Plaintiffs and Defendants.

10. This Court possesses subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338 because this action involves a substantial claim arising under 35 U.S.C. § 271.

11. This Court possesses personal jurisdiction over Defendants because Defendants have asserted, without foundation, that Plaintiffs are infringing the Patents-In-Suit and Defendants sell products that are alleged to infringe in this judicial district.

12. Venue properly lies in this judicial district under 28 U.S.C. § 1391(b), (c) and § 1400(b).

## COUNT I

## DECLARATORY JUDGMENT

13.     Plaintiffs incorporate paragraphs 1 through 12 as if fully set forth herein.

14.     Plaintiffs and Defendants have been participating in discussions concerning the Patents-In-Suit.  Although Plaintiffs have demonstrated that none of the Accused Products infringe any valid claim of the Patents-In-Suit, Defendants recently threatened that if the matter did not resolve favorably on the terms that Defendants have demanded that a law suit would be filed.  In so doing, Defendants expressed to Plaintiffs the clear threat to bring a lawsuit if Plaintiffs' actions in connection with the Accused Products do not halt.

15.     Each of the Patents-In-Suit is invalid under 35 U.S.C. § 112(b) for failing to particularly point out and distinctly claim the alleged invention.

16.     At least claims 1-18 of the '106 Patent are invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103 in view of US Patent 6,779,223.

17.     The '044 patent is not infringed at least because each claim in the '044 patent claims a particular wiper arm as a recited element that Plaintiffs do not sell or offer for sale.

18.     Claims 1-9 of the '798 patent are not infringed at least because claims 1-9 each claim a particular wiper arm as a recited element that Plaintiffs do not sell or offer for sale. Claims 10-17 of the '798 patent similarly are not infringed because Plaintiffs do not market or sell a wiper blade having necessary claimed elements.

19.     Claims 1-19 of the '106 Patent are not infringed at least because claims 1-19 each claim a particular wiper arm as a recited element that Plaintiffs do not sell or offer for sale.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that the Court enter judgment in its favor and against Defendants and provide the following relief:

A.  Issue a declaration that U.S. Patents Nos. 7,937,798 (the "'798 Patent"), 8,220,106 (the "'106 Patent), and 7,891,044 (the "'044 Patent") are invalid under 35 U.S.C. § 112,

B.  Issue a declaration that at least claims 1-18 of U.S. Patents No. 8,220,106 are invalid as anticipated under 35 U.S.C. § 102 or obvious under 35 U.S.C. § 103;

C.  Issue a declaration that Plaintiffs' A-22-M, A-22-OE and SP-21 ANCO Profile Wiper Blades and products with similar wiper adapters; C-21OE ANCO Contour Premium Wiper Blades and products with similar wiper adapters, 60-020-PP NAPA Accufit Blades and products with similar wiper adapters; and 60-2243-1 NAPA Vista Blades and products with similar wiper adapters (the "Accused Products") do not infringe any valid claim of U.S. Patents Nos. 7,937,798 (the "'798 Patent"), 8,220,106 (the "'106 Patent), and 7,891,044 (the "'044 Patent").

D.  Award Plaintiffs their reasonable attorneys' fees; and

E.  Award such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs Federal-Mogul Corp. and Federal-Mogul Vehicle Components Solutions, Inc., demand a trial by jury as to all issues so triable.

Respectfully submitted,

s/ Michelle L. Alamo
DICKINSON WRIGHT PLLC

H. Jonathan Redway  (Va. Bar No. 42189)
DICKINSON WRIGHT PLLC
1875 Eye St., N.W., Suite 1200
Washington, D.C.   20006
Tel:  202.659.6946
Fax:  202.659.1559
jredway@dickinsonwright.com

Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax:  313.223.3598
malamo@dickinsonwright.com

Dated:  April 10, 2013